UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00142-GNS-HBB

BRYAN T. HALE                                                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                                                          DEFENDANT

### AMENDED MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendations (DN 23) on Plaintiff's Motion for Attorney's Fees (DN 19). For the reasons outlined below, the Report & Recommendation is **ADOPTED** and Plaintiff's objections are **OVERRULED**.

### I.   BACKGROUND

On October 17, 2014, Plaintiff Bryan T. Hale ("Hale") filed this action seeking judicial review of a final decision of Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g). (Compl., DN 1). After the matter was fully briefed by the parties, the Magistrate Judge concluded that the final decision of the Commissioner should be reversed and that the case should be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to conduct further proceedings to address errors by the Administrative Law Judge, including failing to comply with the treating physical rule set forth in 20 C.F.R. § 404.1527(c) and 20 C.F.R. § 416.927(c). (Findings of Fact, Conclusions of Law, and Recommendation 16, DN 16). Over the Commissioner's objections,

this Court adopted the Report & Recommendation and ordered that the decision be reversed and remanded to the Commission for further consideration. (Order, DN 17; J., DN 18).

Plaintiff filed the present motion on August 14, 2015, seeking an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Pl.'s Mot. for Attorney's Fees, DN 19). In particular, Hale requested that his attorney be paid $190.00 per hour for services rendered. (Pl.'s Mot. for Attorney's Fees 2). Hale also requested that he be granted leave to re-docket this case for an award of fees under 42 U.S.C. § 406(b) if he were to prevail on remand. (Pl.'s Mot. for Attorney's Fees 3).

In the Findings of Fact, Conclusions of Law, and Recommendations dated September 28, 2015, the Magistrate Judge recommended that the hourly rate be increased from the EAJA statutory hourly rate of $125.00 to $140.00 due to the increased cost of living. (Findings of Fact, Conclusions of Law, & Recommendations [hereinafter R & R] 7, DN 23). The Magistrate Judge, however, rejected the argument that $190.00 was warranted because it was not consistent with the prevailing market rate in this area. (R & R 7). On October 12, 2015, Plaintiff filed his objections to the Report & Recommendation. (Pl.'s Objs. to Findings of Fact, Conclusions of Law, & Recommendations [hereinafter Pl.'s Objs.] 1, DN 24).

## II.   JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.   STANDARD OF REVIEW

It is within this Court's discretion to determine whether an increase of the cost of living or any special factors warrant a higher hourly fee rate than the hourly rate of $125.00 under 28

U.S.C. § 2412(d)(2)(A). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (citations omitted); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

### IV. DISCUSSION

Hale contends that the Magistrate Judge erred in failing to recommend that his counsel be compensated at a rate of $190.00 per hour. In support of the motion, Hale argued that his counsel was entitled to the higher hourly rate due to the increase in the cost of living since the establishment of the EAJA fee cap in 1996 and "the contingent nature of the agreement for representation qualified as a 'special factor' which entitles the litigator to an enhanced fee under the EAJA." (Pl.'s Objs. 1). In her objections, "Plaintiff acknowledge[d] $140.00 to be the prevailing hourly rate for services *not on a contingent fee basis.*" (Pl.'s Objs. 2). Hale argues that the Magistrate Judge failed to take into consideration the contingent nature of this matter as a special factor under 28 U.S.C. § 2412 warranting a higher hourly fee. (Pl.'s Objs. 2-3).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In *Pierce v. Underwood*, the Supreme Court explained the "special factor" exception set forth in the EAJA should be construed as involving factors that "must be such as are not of broad and general application." *Pierce*, 487 U.S. at 573. In specifically rejecting the district court's argument that the contingent nature of the matter constituted a special factor, the Supreme Court noted that "'the contingent nature of the fee,' is also too generally applicable to be regarded as a 'special' reason for exceeding the statutory cap." *Id.* Thus, based upon *Pierce*, the contingent nature of this case does not qualify as a special factor

warranting an exception under 28 U.S.C. § 2412(d)(2)(A). The Magistrate Judge did not err in rejecting this argument.

In his motion, Hale also requested that this Court permit him to re-docket the case for an award of fees for services pursuant to 42 U.S.C. § 406(b) if he is awarded benefits upon remand. The Court declines to make what it believes to be an advisory ruling on issues that may not arise in the future. If necessary, Hale can make that motion at the appropriate time.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Findings of Fact, Conclusions of Law, and Recommendations of the Magistrate Judge (DN 23) be **ACCEPTED AND ADOPTED.** Accordingly, Hale's counsel shall be paid the sum of $3129.00 (22.35 hours multiplied by $140.00 per hour) for services rendered from September 4, 2014, through August 14, 2015. In addition, advanced costs totaling $420.10 shall be paid to the Burchett Law Firm.

**Greg N. Stivers, Judge**
**United States District Court**
November 5, 2015

cc: counsel of record